

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MAR 2 8 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

VANCE DOTSON                          )  JURY TRIAL DEMANDED
                                      )
      Plaintiff,                      )
                                      )
v.                                    )  Case No.  CIV-22-257-R
                                      )
**MIDLAND CREDIT MANAGEMENT**         )
**INC.,**                             )
                                      )
      Defendant.                      )
                                      )
                                      )
                                      )

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

## I.   INTRODUCTION

1.  This is a civil action for actual, statutory damages, and costs brought by

    Vance Dotson ("Plaintiff") an individual consumer, against Defendant,

    Midland Credit Management, Inc., ("MCM") for violations of the Fair

    Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter

    "FDCPA"), which prohibits debt collectors from engaging in abusive,

    deceptive, and unfair practices.

## II.   JURISDICTION AND VENUE

1

2.   Jurisdiction of this court arises under 15 U.S.C § 1692k(d).

3.   Jurisdiction of this court also arises 28 U.S.C § 1331.

4.   Venue in this District is proper because Defendant regularly transacts business in the State of Oklahoma and in this judicial district.

5.   28 U.S.C. §1391(b)(1) provides, in pertinent part, that "[a] civil action may be brought in a judicial district in which any Defendants resides[.]"

6.   28 U.S.C. § 1391(c)(2) provides in pertinent part, "For all venue purposes—an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a Defendants, in any judicial district which such Defendants is subject to the court's personal jurisdiction[.]"

7.   Venue is proper in this judicial under 28 U.S.C. § 1391 (b)(1).

### III.   PARTIES

8.   Plaintiff Vance Dotson (hereinafter "Mr. Dotson") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Mr. Dotson is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).  Mr. Dotson has been assigned 100 percent of these claim(s) by Colin Nickerson.

2

9.   Colin Nickerson is allegedly obligated to pay an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Mr. Nickerson is allegedly obligated to pay a "Debt" as defined by15 usc§1692a(5).

10.  Upon information and belief, Defendant, Colin Nickerson is a California corporation with its principal place of business located at 350 Camino De La Reina Suite 100, San Diego, CA 92108.

11.  Defendant, Midland Credit Management Inc., are engaged in the collection of debt from consumers using mail and telephone. Defendants regularly attempt to collect consumers' debts alleged to be due to other companies.

## IV.   FACTS OF THE COMPLAINT

12.  Defendant, Midland Credit Management Inc., (hereinafter referred to as "Debt Collector") are a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

13.  On or about December 7, 2022, Mr. Nickerson reviewed his credit report on "Credit Karma."

3

14. On the report, Mr. Nickerson observed trade lines from all the Debt Collector Defendant.

15. Debt Collector Midland Credit Management Inc., furnished a trade line of $742, allegedly owed to Credit One Bank.

16. Also on December 7, 2022, Mr. Nickerson made disputes via telephone about the accounts in question. However, on March 27, 2022, Mr. Nickerson re-checked his credit reports and although the Debt Collectors had several communications with the consumer reporting agencies, the Debt Collectors failed to communicate the alleged debts in question were disputed by the Mr. Nickerson.

17. The Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Mr. Nickerson and caused severe humiliation, emotional distress, mental anguish and FICO scores.

18. Defendant materially lowered Plaintiff's credit score by failing to note Mr. Nickerson dispute.

4

19. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).

## V.   FIRST CLAIM FOR RELIEF
### (Defendant Midland Credit Management Inc.,)
### 15 U.S.C. §1692e(8)

20. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

21. The Debt Collectors violated the FDCPA.

22. The Debt Collectors' violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies the alleged debt was in dispute.

23. As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Dotson actual damages, statutory damages and cost.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Dotson respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and pursuant to 15 U.S.C 1692k(3);

E. For a deletion and further relief as the Court may deem just and proper.

Respectfully submitted:

*Vance Dotson*

Vance Dotson
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)
vancedotson@yahoo.com (email)

6