UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 22-CV-257-R |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION TO DISMISS COMPLAINT AND BRIEF IN SUPPORT**

Defendant Midland Credit Management, Inc. moves to dismiss the Complaint on two grounds: (1) Plaintiff lacks standing and therefore the Court lacks subject matter jurisdiction; and (2) Plaintiff cannot plead the elements of an FDCPA claim.

**ALLEGATIONS OF THE COMPLAINT**

1. Plaintiff Vance Dotson has sued several Defendants, including Midland, "for actual, statutory damages, and costs . . . for violations of the Fair Debt Collection Practices Act, 15 U.S. § 1692 *et. seq*. . . ." Complaint, ¶ 1. Dotson states he is an Oklahoma resident, and he claims he "is a consumer as defined by the [FDCPA]. . . ." Complaint, ¶ 8. Dotson further states he "has been assigned 100 percent of these claim(s) by Colin Nickerson," *id.*, and attaches to the Complaint an alleged assignment from Nickerson to Dotson.

2. The remainder of the Complaint sets forth allegations concerning Nickerson.

3. Paragraph 9 states Nickerson is allegedly obligated to pay a "Debt" as defined by 15 U.S.C. § 1692(a)(5).

1

4. Paragraphs 13, 14, and 15 allege that on December 7, 2022, Nickerson reviewed his credit report and observed a trade line from Midland of $742 owed to Credit One Bank.

5. Paragraph 16 alleges Nickerson made disputes via telephone about the accounts in question. (Nickerson does not allege with whom he made such disputes.) Paragraph 21 also alleges Midland failed to communicate with consumer reporting agencies that the debt in question was disputed by Nickerson.

6. Paragraph 17 alleges the Defendants' actions "severely damaged the personal and credit reputation of *Mr. Nickerson* and caused severe humiliation, emotional distress, mental anguish and FICO scores." (Emphasis added.)

7. Paragraph 18 alleges that "Defendant materially lowered Plaintiff's credit score by failing to note Mr. Nickerson's dispute." Dotson does not state how *his* credit score could be materially lowered by a failure to note that a debt owed by Nickerson was disputed.

8. Paragraph 22 alleges that Midland violated the FDCPA by failing to disclose to the consumer reporting agencies that Nickerson's alleged debt was in dispute, which is the sole violation of the FDCPA alleged by Dotson.

9. Paragraph 23 alleges that "[a]s a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Dotson actual damages, statutory damages and costs [sic]."

## ARGUMENTS AND AUTHORITIES

### A. The Court should dismiss this case under Rule 12(b)(1) for lack of jurisdiction because Dotson does not have standing to assert an FDCPA claim on behalf of Nickerson.

Art. III, § 2 of the United States Constitution limits the power of federal courts to "cases" and "controversies." To satisfy the case or controversy requirement, a plaintiff must have standing to sue. *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). The standing doctrine was developed "to ensure that federal courts do not exceed their authority as it has been traditionally understood," and "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id. See also Warth v. Seldin*, 422 U.S. 490, 498 (1975) (standing is "the threshold question is every federal case, and if a plaintiff lacks standing, the federal court lacks jurisdiction.").

Article III standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo,* at 338. The plaintiff bears the burden of establishing each element of standing, *id.*, and at the pleading stage "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth*, 422 U.S. at 518). These requirements ensure "the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quotations omitted).

"Injury in fact" is the "[f]irst and foremost" of standing's three elements. *Spokeo*, at 338-9 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). Because injury in fact is a constitutional requirement, "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo*, at 339 (quoting *Raines v. Byrd*, 521 U.S. 811, 818, n 3 (1997)). *See also Summers*, at 497 ("injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute.").

To establish injury in fact, a plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). *See also Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Spokeo*, at 339. As made clear in *Spokeo,* "[a] plaintiff does not automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*, at 341. Instead, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* As such, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

In *TransUnion, LLC v. Ramirez*, ____ U.S. ___, 141 S.Ct. 2190 (2021), the Supreme Court expanded on the principles announced in *Spokeo*. In *TransUnion* the Court emphasized that "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a

4

plaintiff has suffered a concrete harm under Article III." *Id.*, at 2205. The Court stated that "[f]or standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *Id.* The Court noted that "under Article III, an injury in law is not an injury in fact," *id.*, and stated that "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Id.* (quotations omitted). The Court concluded that "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.*

Therefore, in order for Dotson to demonstrate an injury-in-fact for purposes of Article III standing he must allege more than simply a "bare procedural violation, divorced from any concrete harm." *Id.* Rather, Dotson must show he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual and imminent, not conjectural or by particular." *Id.* at 339; *see also Laufer*, at 876. Dotson cannot show any of these things.

First, Dotson cannot show "an invasion of a legally protected interest." Dotson claims he took an assignment of any FDCPA claim Nickerson may have against Midland. The assignment from Nickerson to Dotson, however, is prohibited under Oklahoma law. 12 Okla. Stat. § 2017(D) provides that "[t]he assignment of claims not arising out of contract is prohibited." Thus, the assignment of claims under the FDCPA, which arise from statute, not contract, are invalid. Stripped of the assignment which is prohibited under

5

Oklahoma law, Dotson does not (and cannot) allege any invasion of a legally protected interest.[1]

Second, Dotson cannot show he suffered an injury that is "concrete and particularized" and "actual and imminent." Dotson alleges that Nickerson, not Dotson, was obligated to pay a debt as defined by the FDCPA, ¶ 9; that it is Nickerson's, not Dotson's, tradelines that are affected by Midland's alleged conduct, ¶¶ 14, 15, 16; that it is Nickerson's, not Dotson's, personal and credit reputation that has allegedly been damaged by Midland's alleged conduct, ¶ 17; and it is Nickerson, not Dotson, who has allegedly suffered humiliation, emotional distress, and mental anguish as a result of such conduct, *id*. Indeed, Dotson does not allege he suffered *any* injury whatsoever, much less a concrete injury particular to him.

In *Laufer*, the plaintiff, a person who is disabled under the Americans With Disabilities Act ("ADA") and is a self-described "ADA tester," visited a hotel's online reservation system to determine whether it complied with the ADA even though she had no intention of staying at the hotel. Believing the hotel's online reservation system lacked information about accessibility in violation of an ADA regulation, the plaintiff sued the hotel. The District Court dismissed the complaint for lack of standing, and the Tenth

---

[1] On the related question of whether a party is a real party in interest under Fed.R.Civ.P. 2017(A), "[t]he question whether a party purporting to hold an assigned claim is a real party in interest ultimately rests on the substantive law governing the assignability of the particular chose in action." 6A *Wright & Miller Federal Practice & Procedure* § 1545. *See also Scheufler v. General Host Corp.*, 126 F.3d 1261, 1272 (10th Cir. 1997) (noting that under Kansas law the property interest of a landowner and tenant are distinct, one may not recover damages based upon the other's interest, and Kansas law prohibits the assignment of tort claims).

Circuit affirmed. The Tenth Circuit held that the plaintiff lacked Article III standing to pursue her claims because she did not suffer a concrete injury in fact because she conceded she has no plans to book a room at the hotel, and therefore could not allege any concrete harm resulting from the hotel's alleged violation of the ADA regulation. *Laufer*, 22 F.4th at 878.

Similarly, Dotson has not demonstrated any injury in fact to establish that he has standing to bring an FDCPA claim against Midland. As the Supreme Court in *TransUnion* and the Tenth Circuit in *Laufer* make clear, an injury in law is not an injury in fact, and federal courts do not have power to address statutory violations which do not cause harm to the plaintiff. So even if Midland failed to report a dispute made by Nickerson resulting in a violation of the FDCPA (which Midland denies), Dotson lacks standing to assert that claim because he has not suffered a concrete injury in fact. Accordingly, this Court lacks jurisdiction to hear this case.

### B. Alternatively, the Court should dismiss the Complaint under Rule 12(b)(6) for failure to state a claim.

If the Court finds it does have jurisdiction, it should nonetheless dismiss the Complaint under Rule 12(b)(6) for Dotson's failure to state a claim against Midland under the FDCPA.

#### 1. Standard of Review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly* at 556). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly* at 557).

To this end, the pleading standard "demands more than an unadorned, the – defendant – unlawfully – harmed – me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'…. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly* at 555, 557). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing Twombly at 555). *See also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."). The Supreme Court has further instructed that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, at 679.

In addition to considering the allegations of the Complaint, the Court may consider documents the plaintiff attaches to the Complaint. *See Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits").

Midland is mindful that this Court must construe a *pro se* litigant's complaint liberally. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). But a *pro se* litigant must still allege facts sufficient to meet the plausibility standard, *Hall*, 935 F.2d at 1110, and the Court may not add facts to the complaint or construct a legal theory for the plaintiff. *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

> **2. The Complaint is legally insufficient because it fails to allege facts sufficient to support a claim for relief under the FDCPA against Midland.**

Dotson alleges Midland violated 15 U.S.C. § 1692(e)(8) by "failing to disclose to the consumer reporting agencies the alleged debt was in dispute." Complaint, ¶ 22. The alleged debts are owed by Nickerson. Complaint, ¶ 9.

"A prima facie case for violation of the FDCPA requires [the] plaintiff to show three elements: (1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; [and] (3) the defendant has violated by act or omission a provision of the FDCPA." *Johnson v. Equity Experts.org, LLC*, 2020 WL5569589, *3 (E.D. Vir. Sept. 17, 2020) (quoting *Creighton v. Emporia Credit Serv., Inc.*, 981 F.Supp. 411, 414 (E.D. Va. 1997).

Dotson fails to show that he is a "consumer" within the meaning of the FDCPA. The term "consumer" is defined to mean "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3). The term "debt," in turn, "means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation

9

has been reduced to judgment." Section 1692(a)(5). Dotson cannot be a "consumer" because he is not obligated to pay any debt. Rather, the Complaint makes clear that Nickerson is the only person obligated to pay a debt.

Moreover, § 1692k of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter *with respect to any person is liable to such person* . . . ." The Complaint alleges that Midland violated § 1692(e)(8) *with respect to Nickerson*; therefore, under § 1692k Midland can be liable for damages *only to Nickerson*. Midland cannot be liable to Dotson because there is no allegation in the Complaint establishing that Midland failed to comply with the FDCPA *with respect to Dotson*.

Accordingly, the Complaint fails to state a claim against Midland and should be dismissed under Rule 12(b)(6).

## CONCLUSION

Dotson purports to have standing to assert an alleged FDCPA claim Nickerson has against Midland by virtue of the assignment attached to the Complaint. But Oklahoma law prohibits the assignment of claims not arising from contract, which would include the statutory claim asserted by Dotson here, and therefore the assignment is a nullity. Moreover, Dotson cannot allege any injury in fact necessary to have standing. Because Dotson does not have standing, the Court lacks jurisdiction and should dismiss the Complaint with prejudice.

Further, even if Dotson had standing, he cannot allege essential elements of an FDCPA claim. He is not a consumer for purposes of Nickerson's indebtedness, and Midland cannot be liable to Dotson even if it did fail to comply with a provision of the

FDCPA with respect to Nickerson (which Midland denies).  Dotson cannot allege facts to overcome this hurdle.  Accordingly, the Complaint should be dismissed with prejudice for failure to state a claim.

          Respectfully submitted,

          DOERNER, SAUNDERS, DANIEL
           & ANDERSON, L.L.P.

          */s/ Jon E. Brightmire*
          Jon E. Brightmire, OBA No. 11623
          Two West Second Street, Suite 700
          Tulsa, OK  74103-3117
          (918) 591-5258 – *Telephone*
          (918) 925-5258 – *Facsimile*
          *jbrightmire@dsda.com*

          *Attorneys for Defendant Midland Credit Management, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 19, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      I further certify that on April 19, 2022, I served the foregoing document on the following, who are not registered participants of the ECF System, by U.S. Postal Service, to:

>Vance Dotson
>425 W. Wilshire Blvd Suite E
>Oklahoma City, OK 73116

                                                    */s/Jon E. Brightmire*

5990758.1