## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **VANCE DOTSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-22-257-R** |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT,** | ) | |
| **INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendant Midland Credit Management, Inc.'s (Midland) Motion to Dismiss and Brief in Support [Doc. No. 7]. The matter is fully briefed and at issue. For the reasons below, the Court GRANTS the motion and dismisses the case due to Plaintiff Vance Dotson's lack of standing.

Plaintiff alleges in his Complaint that Mr. Colin Nickerson disputed a debt arising out of a "trade line of $742, allegedly owed to Credit One Bank." Doc. No. 1 ¶ 15. Plaintiff contends that Defendant acted as a debt collector for the alleged debt and failed to communicate with credit reporting agencies regarding Mr. Nickerson's debt dispute claim. *Id*. ¶ 16. Mr. Dotson alleges that Midland's actions harmed Mr. Nickerson's credit report, causing various damages to him, and violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. *Id*. ¶¶ 1, 17. Defendants move to dismiss Mr. Dotson's Complaint, claiming Mr. Nickerson's claim is non-assignable, and therefore, Plaintiff lacks standing to bring his suit. *See generally* Doc. No. 7.

Plaintiff's must have Article III standing for the Court to have jurisdiction over his claim. For Mr. Dotson to have standing, he must demonstrate there exists a "case or controversy." *Sprint Communications Co., L. P. v. APCC Services, Inc.*, 554 U.S. 269, 273 (2008). To show he has a case or controversy, Plaintiff must allege: (1) he has an injury in fact, i.e. a "concrete and particularized" invasion of a "legally protected interest[;]" (2) causation, i.e. some connection between the alleged injury and Defendant's conduct; and (3) redressability, i.e. a showing that the Court can remedy Plaintiff's alleged injury. *Id*.

In Mr. Dotson's case, the crucial question is whether the Complaint alleges a basis for the Court to conclude that he has a legally protected interest pursuant to standing analysis as set out by the Supreme Court. The Court concludes that Plaintiff does not.

Mr. Dotson alleges that his legally protected interest arises from Mr. Nickerson's assignment to him of "100 percent of [his] claim(s)[.]" Doc. No. 1 ¶ 8. Whether the Court recognizes such an assignment, namely, whether the assignment gives rise to a property or other legal recognized interest, is ordinarily a question of state law. *US Fax Law Center, Inc. v. Ihire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007). Here, Plaintiff is an Oklahoma resident, and the purported claim arises out of activities in Oklahoma, indicating that Oklahoma law applies. *Id*. Oklahoma does not recognize or permit assignments of claims like the one in this action. Okla. Stat. tit. 12, § 2017D ("The assignment of claims not arising out of contract is prohibited.") That statutory provision essentially codifies the longstanding common law rule that actions arising out of torts are not assignable. *Trinity Mortg. Cos., Inc. v. Dryer*, 451 F. App'x 776, 778 (10th Cir. 2011).

The claim at issue here, essentially that Defendant misrepresented Mr. Nickerson's credit and failed to communicate regarding disputed debts, most closely approximates tort claims for false representation. *See Lupia v. Medicredit*, Inc., 8 F.4th 1184, 1191 (10th Cir. 2021) (noting the similarities between FDCPA claims and multiple torts). Consequently, the Court holds that Oklahoma law does not recognize the sort of assignment of claims upon which plaintiff relies to establish his standing.

Plaintiff claims that his assignment rights are recognized pursuant to Oklahoma law because Mr. Nickerson's alleged debt arose from a contract with Credit One Bank. Doc. No. 9 at 1–2. While this is certainly true, it does not provide a legal justification as to how Mr. Dotson, who has not claimed that he now is responsible for Mr. Nickerson's alleged contractual debt, can take assignment of a third party's FDCPA claim. Consequently, Plaintiff lacks standing to pursue this case, and the Court grants Defendant's motion. Furthermore, because Plaintiff cannot remedy the legal impediments to his Complaint by amendment, the Court dismisses his case with prejudice.

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss [Doc. No. 7] and DISMISSES Plaintiff's Complaint [Doc. No. 1] with prejudice.

IT IS SO ORDERED this 17th day of May 2022.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**